IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER ROSS,

                        Plaintiff,                                OPINION AND ORDER

    v.

                                                             20-cv-224-wmc

CYNTHIA RADTKE, CHARLES YORK,
CHRYSTAL MELI,[1] DONNA LARSON,
ANTHONY MELI, RYAN KUEPPER,
TORRIA VAN BUREN, ETHAN STARK,
FNU KABAT, and ANGELA KROLL,

                        Defendant.

      Plaintiff Christopher Ross, an inmate representing himself, filed an amended complaint alleging that he was denied adequate medical care in violation of the Eighth Amendment at Waupun Correctional Institution ("WCI"). (Dkt. #18.) The court granted Ross leave to proceed with his primary claim that defendants Captain Cynthia Radtke, Sergeant Charles York, Security Director Anthony Meli, and John Doe members of the Special Needs Committee (now identified as defendants Health Services Manager Chrystal Meli, Ryan Kuepper, Toria Van Buren, Ethan Stark, FNU Kabat, Nurse Donna Larson, and Angela Kroll) unreasonably denied him a small handheld mirror to aid in the insertion of specialty contact lenses that were prescribed to treat a medical condition known as keratoconus, which causes blurred vision and sensitivity to light. (Dkt. #21, at 5 ¶ 3(a)). The court also granted Ross leave to proceed with a second claim that defendants Chrystal Meli and Nurse Larson ignored his complaints of "pain and suffering" caused by the impact of not having a handheld mirror. (*Id*. at 5 ¶ 3(b)). Now before the court is defendants' motion for partial summary judgment

---

[1] Chrystal Meli's former name was Chrystal Marchant. (Dkt. #32, at 1 n.1.) The clerk's office shall correct the style of the case to list Chystal Meli in place of Chrystal Marchant as a defendant.

on the ground that Ross failed to exhaust his administrative remedies as to his second Eighth Amendment claim for denial of medical care (dkt. #31), which will be granted, in part, for the reasons explained below.[2]

OPINION

Under the Prison Litigation Reform Act ("PLRA"), prisoners may not bring a federal lawsuit about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement, which is mandatory, is designed to afford prison administrators a fair opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."). However, a prisoner's failure to exhaust is an affirmative defense, which defendants must

---

[2] Defendants mistakenly state that the court granted plaintiff leave to proceed with his second Eighth Amendment claim for failure to provide medical care for eye pain against defendants Chrystal Meli, Nurse Larson, *and* members of the Special Needs Committee. (Dkt. #32, at 1.) The court's order on leave to proceed, however, only allowed plaintiff to proceed with that claim against defendants Meli and Nurse Larson. (Dkt. #21, at 4, 5 ¶ 3(b)). Accordingly, the court does not address defendants' argument that plaintiff also failed to exhaust administrative remedies with respect to whether members of the Special Needs Committee also failed to provide him with medical care.

accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with the Institution Complaint Examiner ("ICE") within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). The ICE may return a complaint if it does not satisfy the criteria found in § 310.07(1), (3), (4), or (5). Wis. Admin. Code § DOC 310.10(5). For example, the inmate complaint may only contain "one clearly identified issue" that the inmate seeks to raise. Wis. Admin. Code § DOC 310.07(5). If he is unsatisfied with the result, a prisoner may file an appeal to the Corrections Complaint Examiner ("CCE") within 14 days of the date of the decision on the inmate complaint or, if the inmate does not receive a decision, 45 days after the date the ICE enters the complaint. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3).

Here, Ross filed two inmate complaints relating to his claim that he was denied a handheld mirror to aid him in inserting his specialty contact lenses -- WCI-2017-16162 and WCI-2019-17123. (Ex. 1001 (dkt. #33-2) at 10-11; Ex. 1002 (dkt. #33-3) at 6-7.) In WCI-2017-16162, Ross alleged that he was prescribed a "desk mirror" by a specialist treating him for his eye condition but was denied a mirror by the "special needs committee." (Ex. 1002 (dkt. #33-3) at 6-7.) This complaint was rejected by the ICE because Ross filed it beyond the 14-day limit. (*Id.* at 2-4.)

3

In WCI-2019-17123, Ross alleged that he was prescribed a mirror by an advanced care practitioner (ACP Mary Moore) to help him insert his contact lenses, but denied permission to purchase a mirror by the "manager of the Health Services Unit," identified as defendant Chrystal Meli. (Ex. 1001 (dkt. #33-2) at 10-11.) In support of that complaint, Ross supplied a "Medical Restrictions/Special Needs" form completed by ACP Moore on August 15, 2019, which appears to give Ross permission to purchase a mirror from the "canteen" to apply his contact lenses. (*Id*. at 15.) Ross also supplied an Interview/Information Request form asking the "special needs committee" to provide him with a medical restriction allowing him to purchase a "small desktop mirror." (Id. at 16.) Chrystal Meli responded to that request on September 20, 2019, stating that there was no order to purchase a mirror in Ross's medical file, and noting further that Ross had access to a mirror on the wall of his cell. (*Id*.). After his complaint was denied, Ross filed an appeal to the CCE, explaining that a desktop mirror was approved by his specialist, as well as ACP Moore, and that standing up to use the mirror in his cell was inadequate because he needed to apply his contact lenses in a seated position to avoid spilling the saline lubricant that was required to insert the lenses. (*Id*. at 19.)

Defendants concede that Ross exhausted his administrative remedies related to his primary claim concerning the denial of his request to purchase a small mirror. (Dkt. #38, at 2.) Defendants note, however, that Ross did not file any grievance regarding his second claim that he was denied medical care by defendants Chrystal Meli and Nurse Larson for pain and suffering associated with being unable to insert his specialty contact lenses without the small mirror he requested. (Dkt. #32, at 7-8.) Thus, defendants argue that Ross failed to exhaust his administrative remedies regarding his second claim. (*Id*.)

4

Ross does not dispute that he did not file a grievance regarding his second claim for the denial of medical care for pain and suffering by defendants Chrystal Meli and Nurse Larson. Accordingly, the court must dismiss this claim, albeit without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means Ross can refile this claim if he can successfully exhaust it, although he will likely find it impossible to file a proper grievance now because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, dkt. #31, is GRANTED, in part, as follows:  plaintiff Christopher Ross's Eighth Amendment claim that he was denied medical care for pain and suffering by defendants Chrystal Meli and Donna Larson is DISMISSED WITHOUT PREJUDICE for Ross's failure to exhaust his administrative remedies as to that claim before filing suit.

2. The court previously stayed the deadline for other dispositive motions on February 11, 2025 (dkt. #53).  The parties may have until April 4, 2025, to file their expert witness disclosures and any other dispositive motion.  All other deadlines in the pretrial conference order remain in effect.  (Dkt. #25.)

Entered this 20th day of February, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge